**L. Grant Foster, 7202**
gfoster@hollandhart.com
**Brett L. Foster, 6089**
bfoster@hollandhart.com
**Mark A. Miller, 9568**
mmiller@hollandhart.com
HOLLAND & HART LLP
60 East South Temple, Suite 2000
Salt Lake City, Utah 84111-1031
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700

*Attorneys for Plaintiff*
Easton Technical Products, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **EASTON TECHNICAL PRODUCTS, INC.**, a Utah corporation,<br><br>                              Plaintiff,<br><br>vs.<br><br>**FIRENOCK, LLC**, an Illinois corporation, and **DORGE O. HUANG**, an individual,<br><br>                              Defendants. | **COMPLAINT**<br><br><br>Civil Case No. 2:07-cv-559<br><br>Judge: Ted Stewart<br><br>**Jury Demanded** |

Plaintiff Easton Technical Products, Inc., by and through counsel, alleges and complains

against Defendants Firenock, LLC and Dorge O. Huang (collectively "Defendants") as follows:

### THE PARTIES

1.      Plaintiff Easton Technical Products, Inc. ("Easton" or "Plaintiff") is a Utah

corporation having its principal place of business in Salt Lake City, Utah.

2.      Upon information and belief, Defendant Firenock, LLC ("Firenock") is an Illinois corporation having a place of business at 615 Gateway Drive, Henry, Illinois, 61537.  Upon information and belief, Firenock makes, offers for sale, sells, and distributes lighted arrow nock products throughout the United States, including this judicial district.

3.      Upon information and belief, Defendant Dorge O. Huang ("Huang") is an individual currently residing at 615 Gateway Drive, Henry, Illinois, 61537.  Upon information and belief, Huang is the sole owner and operator of Firenock, and transacts or has transacted business relating to lighted arrow nock products throughout the United States, including this judicial district.

4.      The lighted arrow nock products made and sold by Defendants, as further discussed below, are especially designed and made by Defendants to be used in a manner that directly infringes the subject patent, U.S. Patent No. 6,390,642, throughout the United States, including this judicial district.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement under 35 U.S.C. § 271.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

6.      This Court has personal jurisdiction over Defendants because they have transacted business relating to the subject matter of this lawsuit in Utah and have, thereby, caused damage to Easton in Utah.  Specifically, personal jurisdiction over Defendants is proper due to their infringing activities in and directed to the State of Utah, including the sale, offering for sale, and/or advertising of the infringing lighted arrow nock products in Utah.

2

7.      Venue is proper in the District of Utah pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

8.      Easton owns a valid and enforceable United States patent, U.S. Patent No. 6,390,642 ("the '642 patent"), entitled "Tracer Light For Archer's Arrow."  The '642 patent issued May 21, 2002.  A copy of the '642 patent is attached as Exhibit A.

9.      In December 2006, Huang was sued for infringement of the '642 patent in the United States District Court for the Western District of Texas (case no. 5:06-cv-1050) based on his use and sale of lighted arrow nock products referred to as Firenock versions 1.0 and 1.1.

10.      On July 17, 2007, the Western District of Texas entered an "Agreed Permanent Injunction" against Huang prohibiting him from "making, using, selling, or offering to sell Firenock versions 1.0 and 1.1."

11.      Despite Defendants' knowledge of and familiarity with the '642 patent, Defendants continue to make, use, offer for sale, and/or sell lighted arrow nock products that are especially designed and made to be used with an arrow and an archery bow in a manner that directly infringes one or more claims of the '642 patent.  Specifically, the following products made, used, sold, and/or offered for sale by Defendants are especially designed to be used in a manner that directly infringes one or more claims of the '642 patent:

   o  Firenock version 1.2
   o  Firenock version 1.5
   o  Firenock version 2.0s
   o  Firenock version 2.0a
   o  Lightning Nock version 2.0s
   o  Lightning Nock version 2.0c
   o  Lightning Nock version 2.01s

3

Hereafter, the above listed products and any derivatives thereof are collectively referred to as the "infringing products."

12.     At no time has Easton given Defendants permission, license, or any other authorization to make, use, offer to sell, or sell the novel and inventive technology covered by the claims of the '642 patent.

## FIRST CAUSE OF ACTION

### Patent Infringement Under 35 U.S.C. § 271(a) and (b)

13.     Easton re-alleges and incorporates by this reference the preceding allegations of this Complaint.

14.     Defendants' use of the infringing products with arrows and archery bows constitutes direct infringement of one or more claims of the '642 patent under 35 U.S.C. § 271(a).

15.     Firenock actively induced others to use the infringing products in a manner that directly infringes the '642 patent by selling the infringing products and providing instructions for using the infringing products in a manner that directly infringes one or more claims of the '642 patent.  Firenock intended to cause these acts, which it knew or should have known would induce direct infringement of the '642 patent by others.

16.     Huang actively induced others to use the infringing products in a manner that directly infringes the '642 patent by selling the infringing products and providing instructions for using the infringing products in a manner that directly infringes one or more claims of the '642 patent.  Huang intended to cause these acts, which he knew or should have known would induce direct infringement of the '642 patent by others.

3742694_1.DOC

17.     Defendants' actions as described above, and specifically Defendants' intentional and active inducement of others to use the infringing products in a manner that directly infringes one or more claims of the '642 patent constitutes induced infringement under 35 U.S.C. § 271(b).

18.     Despite having knowledge of the '642 patent, Defendants have continued and will likely continue to willfully and deliberately engage in acts of infringement of the '642 patent unless enjoined by this Court.

19.     Defendants' continued actions of making, using, importing, selling, offering for sale, and/or distributing the infringing products has injured, is injuring, and will cause irreparable injury to Easton if not enjoined.

20.     Easton is entitled to an injunction prohibiting Defendants from further making, using, selling, or offering to sell the infringing products without permission or license from Easton under 35 U.S.C. § 283.

21.     Easton is entitled to recover all damages caused by Defendants' direct and induced infringement under 35 U.S.C. § 284.

22.     Defendants' manufacture, use, offers for sale, and sales of the infringing products are deliberate and constitute a willful infringement of the '642 patent.  Easton is, therefore, entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

5

## SECOND CAUSE OF ACTION

### Patent Infringement Under 35 U.S.C. § 271(c)

23.     Easton re-alleges and incorporates by this reference the preceding allegations of this Complaint.

24.     The infringing products are not staple articles or commodities of commerce and are not suitable for substantial noninfringing uses.  Rather, the infringing products are designed, made, and suitable for one specific use, which use directly infringes one or more claims of the '642 patent.

25.     In making, offering for sale, and selling the infringing products, Defendants intended for the infringing products to be used with arrows and archery bows in a manner that they knew or should have known directly infringes one or more claims of the '642 patent.

26.     In making, offering for sale, and selling the infringing products, Defendants knew or should have known that the infringing products are not suitable for substantial noninfringing uses.

27.     Defendants' actions as described above, and specifically Defendants' unauthorized offering for sale and selling of the infringing products constitutes contributory infringement of the '642 patent under 35 U.S.C. § 271(c).

28.     Despite having knowledge of the '642 patent, Defendants have continued and will likely continue to willfully and deliberately engage in acts of infringement of the '642 patent unless enjoined by this Court.

29.    Defendants' continued actions of making, using, importing, selling, offering for sale, and/or distributing the infringing products has injured, is injuring, and will cause irreparable injury to Easton if not enjoined.

30.    Easton is entitled to an injunction prohibiting Defendants from further making, using, selling, or offering to sell the infringing products without permission or license from Easton under 35 U.S.C. § 283.

31.    Easton is entitled to recover all damages caused by Defendants' contributory infringement under 35 U.S.C. § 284.

32.    Defendants' manufacture, use, offers to sale, and sales of the infringing products are deliberate and constitute a willful infringement of the '642 patent.  Easton is, therefore, entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief and requests that:

a.    the Court enter judgment against Defendants for direct, contributory, and induced infringement of the '642 patent under 35 U.S.C. § 271;

b.    the Court grant preliminary and permanent injunctive relief enjoining Defendants, its officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active participation therewith, from using the infringing products; and from making, using, selling, or offering to sell the infringing products;

c.    the Court order that Defendants account to Plaintiff for all sales revenues and profits derived from the sale of the infringing products, and that Defendants pay to Plaintiff all

3742694_1.DOC

compensatory damages to which Easton is entitled by law, including without limitation lost profits, reasonable royalties, price erosion damages, and convoyed sales damages.

d.   the Court award Plaintiff three times the damages found in accordance with subparagraph (c) above pursuant to 35 U.S.C. § 284;

e.   the Court award Plaintiff, against Defendants, the costs of this action and reasonable attorneys' fees and expenses pursuant to 35 U.S.C. § 285 and the equity powers of the Court;

f.   the Court award Plaintiff prejudgment interest against Defendants on all sums allowed by law;

g.   the Court award Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Easton demands that all claims or causes of action raised in this Complaint be tried by a jury to the fullest extent possible under the United States Constitution.

DATED this 2nd day of August, 2007.

HOLLAND & HART LLP

/s/  Mark A. Miller
L. Grant Foster
Brett L. Foster
Mark A. Miller
*Attorneys for Plaintiff*
Easton Technical Products, Inc.

8

3742694_1.DOC